IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AMBROSE BRANCH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:23-cv-00523 <br> ) Judge Trauger |
| WILSON COUNTY JAIL, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Ambrose Branch, a state inmate formerly incarcerated in the Wilson County Jail, filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 5.)

The case is before this court for ruling on the plaintiff's IFP application and initial review of the Complaint under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

**I. APPLICATION TO PROCEED IFP**

A prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from the plaintiff's submission that he lacks sufficient financial resources to pay the full filing fee in advance, his application to proceed IFP in this matter (Doc. No. 5) is **GRANTED** and a $350 filing fee[1] is **ASSESSED**.

The warden of the facility in which the plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of:

---

[1] While prisoners who are not granted pauper status must pay a total fee of $402—a civil filing fee of $350 plus a civil administrative fee of $52—prisoners who are granted pauper status are only liable for the $350 civil filing fee. *See* 28 U.S.C. § 1914(a)–(b) and attached District Court Miscellaneous Fee Schedule, provision 14 (eff. Dec. 1, 2020).

(a) 20% of the average monthly deposits to the plaintiff's credit at the jail; or (b) 20% of the average monthly balance to the plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this order to the warden of the facility in which the plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this order follows the plaintiff to his new place of confinement, for continued compliance with the order. All payments made pursuant to this order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

### A. Legal Standard

The court must dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b). The review for whether the Complaint states a claim asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), they must still

"plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

The plaintiff filed this action under § 1983, which authorizes a federal suit against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); 42 U.S.C. § 1983.

**B. Analysis**

The plaintiff sues Corporal Jenkins, an officer at the Wilson County Jail, for placing him in a cell with a younger jail inmate who had "told Officer Jenkins don't put me in the cell with that old man[,] if you do I will beat him." (Doc. No. 1 at 2.) Jenkins "and other officers with him" disregarded this threat, and on February 9, 2023, the plaintiff was beaten unconscious by the younger inmate, leaving him with a broken nose and a concussion. (*Id.*) Claiming a violation of his Eighth Amendment rights (*id.* at 1), Plaintiff seeks an award of damages from Jenkins and the other named defendant, the Wilson County Jail. (*Id.* at 2.)

To state a viable Eighth Amendment claim against jail officials for failing to protect an inmate from violence at the hands of another inmate, the plaintiff must allege that officials were deliberately indifferent "to a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 828, 834 (1994); *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004). To meet this standard, the plaintiff must show that officials were "subjectively aware of the risk" of harm and "disregard[ed] that risk by failing to take reasonable measures to abate it." *Greene*, 361 F.3d at 294 (quoting *Farmer*, 511 U.S. at 847). For purposes of initial review, Corporal Jenkins is sufficiently alleged

to have been aware of a risk of harm to the plaintiff from a younger, threatening inmate, and to have disregarded that risk by placing the younger inmate in the plaintiff's cell. The failure-to-protect claim will proceed against Corporal Jenkins.

However, the Wilson County Jail is not a suable entity under § 1983, *Starks v. Wilson Cnty. Jail*, No. 3:15-CV-00358, 2015 WL 1786044, at *1 (M.D. Tenn. Apr. 14, 2015), nor would the plaintiff's failure-to-protect claim be plausibly stated against Wilson County itself (which is suable under § 1983) because the plaintiff does not attribute that failure to any county policy or custom, but only to Jenkins' decision to disregard the threat communicated to him by the violent younger inmate. *See Miller v. Sanilac Cnty.*, 606 F.3d 240, 254–55 (6th Cir. 2010) ("To succeed on a municipal liability claim, a plaintiff must establish that his or her constitutional rights were violated and that a policy or custom of the municipality was the 'moving force' behind the deprivation of the plaintiff's rights."). In short, even if the plaintiff's claim against the Jail were liberally construed to implicate Wilson County, his sparse allegations do not support any plausible claim to municipal liability. The Wilson County Jail will be dismissed from this action.

### III. CONCLUSION

As explained above, the Complaint states a nonfrivolous failure-to-protect claim against Corporal Jenkins that will proceed for further development. Accordingly, the Clerk is **INSTRUCTED** to send Plaintiff a service packet (blank summons and USM 285 form) for this defendant. Plaintiff **MUST** complete the service packet and return it to the Clerk's Office within **30 DAYS** of the date of this order. Upon return of the completed service packet, **PROCESS SHALL ISSUE**.

The Wilson County Jail is **DISMISSED** from this action.

The court's determination that the Complaint states a colorable claim for purposes of this initial screening does not preclude the court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge