UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AMBROSE BRANCH,<br><br>    Plaintiff,<br><br>v.<br><br>WILSON COUNTY JAIL et al.,<br><br>    Defendants. | Case No. 3:23-cv-00523<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Alistair E. Newbern |

To:  The Honorable Aleta A. Trauger, District Judge

### REPORT AND RECOMMENDATION

This action brought under 42 U.S.C. § 1983 arises out of Plaintiff Ambrose Branch's incarceration in the Wilson County Jail. (Doc. No. 1.) Branch initiated this action pro se (*id.*), but counsel entered an appearance on his behalf on July 12, 2024 (Doc. No. 17). On August 14, 2024, the Court found that, despite counsel's appearance, Branch had not filed a timely response in opposition to Defendant Corporal Jenkins's motion to dismiss this action under Federal Rules of Civil Procedure 37 and 41(b). (Doc. No. 21.) The Court ordered Branch, through his counsel, to show cause why the Magistrate Judge should not recommend that this case be dismissed. (*Id.*) Branch's counsel filed responses to the Court's show-cause order (Doc. No. 27) and Jenkins's motion to dismiss (Doc. Nos. 25, 26), and Jenkins filed a reply (Doc. No. 28). For the reasons that follow, the Magistrate Judge will recommend that the Court deny Jenkins's motion to dismiss.

I.      **Relevant Background**

Branch initiated this action pro se in May 2023 by filing a complaint against Jenkins and the Wilson County Jail that raised claims under 42 U.S.C. § 1983. (Doc. No. 1.) The Court granted Branch's application for leave to proceed *in forma pauperis*, screened his complaint under 28

U.S.C. §§ 1915(e)(2) and 1915A, and found that Branch had stated a colorable Eighth Amendment failure-to-protect claim against Jenkins. (Doc. No. 6.) The Court dismissed Branch's claim against the Wilson County Jail on the ground that it "is not a suable entity under § 1983." (*Id.* at PageID# 27.) The Court referred this action "to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court." (*Id.* at PageID# 28.) Jenkins appeared and answered Branch's complaint. (Doc. No. 10.) The Magistrate Judge entered a scheduling order setting deadlines for the parties to file motions for leave to amend the pleadings, engage in discovery, and file dispositive motions. (Doc. No. 11.)

On May 31, 2024, the Court received a motion from Branch requesting an additional thirty days to respond to interrogatories from Jenkins. (Doc. No. 14.) Branch explained that he "has limited reading and writing skills and very limited access to assistance due to reduced and restricted library hours" at the correctional facility where he is incarcerated. (*Id.* at PageID# 57.) The Court granted in part Branch's motion and ordered him to "provide responses to Jenkins's interrogatories by no later than June 17, 2024." (Doc. No. 15.)

On June 24, 2024, Jenkins filed a motion to dismiss Branch's complaint under Rules 37 and 41(b) on grounds that Branch had failed to respond to Jenkins's interrogatories by the June 17, 2024 deadline. (Doc. Nos. 16, 16-1.) Counsel entered an appearance on Branch's behalf on July 12, 2024. (Doc. No. 17.) On August 14, 2024, the Court found that Branch had "not filed a timely response in opposition to Jenkins's motion to dismiss or taken any other action since counsel appeared on his behalf." (Doc. No. 21.) The Court therefore ordered Branch, through his counsel, to show cause by August 28, 2024, why the Magistrate Judge "should not recommend that this

2

case be dismissed for the reasons asserted in Jenkins's motion or for Branch's failure to prosecute this action under Federal Rule of Civil Procedure 41(b)." (*Id.*) The Court further ordered that, "[i]f Branch intends to oppose the motion to dismiss, he shall file his response in opposition by that date and shall address why the Court should accept his untimely opposition in responding to the show-cause order." (*Id.*)

On August 27, 2024, Branch's counsel filed a response to the Court's order to show cause (Doc. No. 27) accompanied by a declaration (Doc. No. 27-1). Branch's counsel also filed a response in opposition to Jenkins's motion to dismiss (Doc. No. 25) accompanied by exhibits (Doc. Nos. 25-1–25-3) and a supporting memorandum of law (Doc. No. 26). Counsel states that, "[t]hrough no fault of the Plaintiff, counsel reluctantly took his case after repeated attempts at contact by Plaintiff" but, "[d]ue to a heavy caseload and staffing issues, counsel . . . has unfortunately failed to pursue this case in the manner typical to his practice." (Doc. No. 27, PageID# 115.) Counsel expresses "sincere regret in its failure to more aggressively pursue this matter" and "assures this Court and opposing counsel that no further delays in production of discovery, interrogatories, or reasonable pursuit of this case will occur." (*Id.*) Counsel also filed a letter he received from Branch on May 14, 2024, before counsel agreed to represent him, enclosing responses to Jenkins's interrogatories and asking counsel to "please forward a copy to" Jenkins's attorney because Branch was "indigent and [he] [did not] have stamps to send" the interrogatory responses himself. (Doc. No. 25-1, PageID# 95.) Branch's counsel argues that dismissal under Rule 37 and Rule 41(b) is not warranted because Branch "made a good faith effort to turn over interrogatories and discovery via counsel whose services he was attempting to solicit, well before this Court's stated deadlines for compliance." (Doc. No. 26, PageID# 113.) He further argues that Branch's "failure to comply, therefore, is neither 'part of a clear pattern of delay' or 'contumacious

3

conduct[,]'" but "[r]ather . . . a result of implicit and explicit circumstances beyond [his] control." (*Id.* (quoting *Armstrong v. Correct Care Sols.*, No. 3-14-2033, 2016 WL 270914, at *2 (M.D. Tenn. Jan. 21, 2016)).) Branch's counsel therefore asks the Court to deny Jenkins's motion to dismiss "and allow [Branch]—with aid of counsel—to have his case heard on the merits." (*Id.* at PageID# 113.)

Jenkins filed a reply in support of his motion to dismiss, arguing that the Court should still dismiss this action for Branch's failure to prosecute or, in the alternative, set "a firm date for [Branch] to respond to discovery." (Doc. No. 28, PageID# 124.)

**II.     Legal Standard**

Federal Rules of Civil Procedure 37 and 41(b) provide courts with the power to dismiss a complaint when a plaintiff does not take appropriate steps to advance the action. Fed. R. Civ. P. 37(b)(2)(A)(v), 41(b). Rule 37 authorizes a court to dismiss a lawsuit "[i]f a party . . . fails to obey an order to provide or permit discovery," Fed. R. Civ. P. 37(b)(2)(A), or otherwise fails to cooperate in discovery, including failing to respond to interrogatories, Fed. R. Civ. P. 37(d)(1)(A)(ii), (d)(3). Dismissal under Rule 37 "accomplishes the dual purpose of punishing the offending party and deterring similar litigants from misconduct in the future." *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997) (citing *Nat'l Hockey League v. Meto. Hockey Club, Inc.*, 427 U.S. 639, 642–43 (1976)). Rule 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)). Dismissal under Rule 41(b) is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See id.* (quoting *Knoll*, 176 F.3d at 363).

Courts look to four factors for guidance when determining whether dismissal under Rule 37 or Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)); *Universal Health Grp. v. Allstate Ins. Co.*, 703 F.3d 953, 956 (6th Cir. 2013). Courts apply these factors "more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal." *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 367 (6th Cir. 1997); *see also Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) ("Dismissal is usually inappropriate where the neglect is solely the fault of the attorney."). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Knoll*, 176 F.3d at 363 (citing *Carter*, 636 F.2d at 161); *Universal Health Grp.*, 703 F.3d at 956 ("Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." (quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002))). "'Contumacious' is defined as 'perverse in resisting authority' and 'stubbornly disobedient.'" *Schafer*, 529 F.3d at 737 (quoting *Webster's Third New International Dictionary* 497 (1986)).

The Sixth Circuit reviews a district court's dismissal of an action under Rule 37 or Rule 41(b) for abuse of discretion. *See id.* at 736 (affording district courts "'substantial discretion" with respect to Rule 41(b) dismissals (quoting *Knoll*, 176 F.3d at 363)); *Universal Health Grp.*, 703 F.3d at 955 (reviewing district court's dismissal under Rule 37(b)(2) "for an abuse of discretion").

### III. Analysis

Dismissal of this action is not appropriate under Rule 37 and Rule 41(b) because consideration of the four relevant factors does not show a pattern of delay or contumacious conduct by Branch.

#### A. Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "'display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001)). The record shows that Branch attempted to cooperate with Jenkins's requests for discovery and comply with this Court's order by sending his discovery responses to the counsel he eventually retained to represent him. Jenkins concedes that Branch's "failure to prosecute this action was not due to willfulness, bad faith, or fault." (Doc. No. 28, PageID# 122.) It is therefore undisputed that the first factor weighs against dismissal.

#### B. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter v. City of Flint*, 723 F.3d 700, 707 (6th Cir. 2013) (second alteration in original) (quoting *Harmon*, 110 F.3d at 368); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and

6

effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds even minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

Jenkins argues that he "has been and continues to be prejudiced by [Branch's] failure to answer discovery because" Jenkins did not receive Branch's "answers to interrogatories and requests for production of documents" before the discovery deadline. (Doc. No. 16-1, PageID# 67.) Jenkins further argues that he "has had to spend time, money, and effort responding to the Complaint, following the Scheduling Order, drafting discovery, propounding discovery in-person, drafting and filing the pending Motion to Dismiss, among other legal tasks." (Doc. No. 28, PageID# 123.) But these steps are typical in early stages of litigation and therefore do not support a finding of prejudice for purposes of Rule 37 and Rule 41(b). *See Schafer*, 529 F.3d at 739–40. Consequently, the second factor weighs against dismissal.

C. **Prior Notice**

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). As Jenkins points out, the Court's scheduling order warned Branch that failure to file a timely response in opposition to a dispositive motion "may result in the dismissal of the case." (Doc. No. 11, PageID# 49.) The Court's order granting Branch's motion for an extension of time to respond to Jenkins's interrogatories reminded Branch "that the June 27, 2024 deadline to conclude fact discovery is quickly approaching" and ordered him to "provide responses to Jenkins's

7

interrogatories by no later than June 17, 2024" (Doc. No. 15), but the order did not specifically warn Branch that failure to do so could result in dismissal. The Court's order to show cause specifically warned Branch "that failure to respond to the show-cause order or to respond in opposition to the motion to dismiss will likely result in a recommendation that this case be dismissed." (Doc. No. 21.) Branch filed a response to the show-cause order and a response in opposition to Jenkins's motion to dismiss by the show-cause order's deadline.

Jenkins seeks dismissal based on Branch's failure to respond to discovery, but the Court did not warn Branch that failure to provide timely discovery responses could result in dismissal as a sanction. Accordingly, this factor weighs against dismissal. *Cf. Gooch v. Jones*, Civ. No. 3:07-0919, 2008 WL 2279804, at *1–3 (M.D. Tenn. May 30, 2008) (Trauger, J.) (granting defendants' motion to dismiss for failure to prosecute where "the Magistrate Judge ruled that the Plaintiff must respond to [defendants'] discovery requests . . . and the Plaintiff was specifically warned that failure to respond could result in a recommendation that his case be dismissed for failure to obey a Court order and failure to prosecute").

D.     **Appropriateness of Other Sanctions**

Jenkins argues that "less drastic sanctions were imposed and considered by the Court" because "there have been multiple [o]rders in which the Court has ordered [Branch] to timely cooperate" and "[t]he Court has provided [Branch] with many warnings regarding the potential for this action to be dismissed for his failure to prosecute/cooperate." (Doc. No. 28, PageID# 123–24.) The Court has issued a single show-cause order warning Branch of the potential for dismissal. (Doc. No. 21.) That order apparently spurred Branch's counsel to take responsibility for

8

Case 3:23-cv-00523    Document 29    Filed 11/19/24    Page 8 of 10 PageID #: 133

prosecuting his client's claims.[1] Branch, it appears, had taken the necessary steps to give his counsel the information he needed to act on his behalf. He should not be penalized for his counsel's failure to do so.[2] *C.f. Maples v. Thomas*, 565 U.S. 266, 283 (2012) (holding that "a client [cannot] be faulted for failing to act on his own behalf when he lacks reason to believe his attorneys of record, in fact, are not representing him").

Branch's counsel represents that he is "in possession of [ ] Branch's interrogatory answers and [ ] answers to requests for production" and, "[g]iven the opportunity, [ ] will pursue this case through trial without further delay." (Doc. No. 27-1, PageID# 118, ¶¶ 11, 12.) Accordingly, the fourth factor weighs against dismissal.

IV. **Recommendation**

Considering the above four factors, the Magistrate Judge RECOMMENDS that Jenkins's motion to dismiss (Doc. No. 16) be DENIED.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

---

[1] Branch's counsel is warned that future failures to comply with the Court's orders or to take timely action on his client's behalf may result in sanctions.

[2] The Court recognizes that Branch apparently provided draft interrogatory responses to his counsel before they entered into an attorney-client relationship.

A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 19th day of November, 2024.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge